UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PEARSON,

                Plaintiff,

-against-

WELLPATH HEALTH SERVICES; CRYSTAL, *CLINICIAN*; ORANGE COUNTY JAIL; THE C.O.S OFFICERS THAT ORDER THE DRY CELL

                Defendants.

24-CV-1657 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who was detained at the Orange County Jail, brings this action, pro se, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] By Order dated April 22, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court directs: (1) the Clerk of Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to replace Defendant Orange County Jail with Orange County, and replace Defendant "the C.O.s Officers that order the dry cell," with John Doe officers 1–5; (2) Orange County, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to assist Plaintiff in identifying Crystal and John Doe officers 1–5; and (3) service on Defendants Wellpath Health Services and Orange County.

---

[1] It appears from the records of the New York State Unified Court System that on June 10, 2024, Plaintiff was released on his own recognizance. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch[https://perma.cc/JYK7-J7GM]. Plaintiff as not yet updated the court with a new address.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in pro se cases, *id*. at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.*

## DISCUSSION

A. **Claims against Orange County Jail**

Because Plaintiff alleges that Defendants violated his federal constitutional rights, his federal claims arise under 42 U.S.C. § 1983.  However, Plaintiff may not assert claims under Section 1983 against Orange County Jail.  Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights secured by the "Constitution and Laws" of the United States.  42 U.S.C. § 1983.  Orange County Jail is not a "person" within the meaning of Section 1983.  *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. June 24, 1994) (Orange County Jail is not suable under Section 1983).  The Court therefore dismisses Plaintiff's claims against the Orange County Jail for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's pro se status and likely intention to assert claims against Orange County, the Court construes the complaint as asserting claims against Orange County and directs the Clerk of Court to amend the caption of this action to replace Orange County Jail with Orange County.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses Orange County may wish to assert.

**B.    Claims against "The C.O.s officers that order the dry cell"**

Throughout the Complaint, Plaintiff references several John Doe corrections officers whom he alleges were personally involved in the deprivation of his rights on January 25, 2024. Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice"). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).[3]

In light of Plaintiff's pro se status and likely intention to assert claims against these John Doe defendants, the Court directs the Clerk of Court to replace "The C.O.s officers that order the dry cell" with John Doe officers 1–5. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses these Defendants may wish to assert.

**C.    Defendant Crystal, *Clinician*; and John Doe Defendants**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the Orange County Jail to identify the Wellpath clinician named

---

[3] Moreover, listing "unnamed persons" as defendants can be construed as the Plaintiff's attempt to state a claim under § 1983 against individual staff members. *See Mustafa v. City of N.Y.*, No. 23-CV-6516, 2023 WL 7133215, at *3 (S.D.N.Y. Oct. 27, 2023).

Crystal and the John Doe officers whom Plaintiff alleges subjected him to unconstitutional conditions of confinement on or around January 25, 2024. It is therefore ordered that the Orange County Attorney's Office, the attorney for the Orange County Correctional Facility, must (1) ascertain these Defendants' identities; (2) find the addresses where these Defendants may be served; and (3) identify the badge numbers of the John Doe officers. The Orange County Attorney's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint with Crystal's full name and the names and badge numbers of the John Doe officers. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the addresses for the named defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

D.   **Service on Wellpath Health Services and Orange County**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on named defendants Wellpath Health Services and Orange County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Orange County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to replace: (1) the Orange County Jail with Orange County; and (2) "The C.O.s officers that order the dry cell" with John Doe officers 1–5, as defendants in this action. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed to mail a copy of this Order and the Complaint to the Orange County Attorney at: 255 Main Street, Goshen, NY 10924.

  The Clerk of Court is also directed to issue summonses for Defendants Wellpath Health Services and Orange County, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

  The Clerk of Court is instructed to mail an information package to Plaintiff.

SO ORDERED.

Dated: June 21, 2024
    White Plains, New York

                     KENNETH M. KARAS
                     United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Wellpath Health Services
   110 Wells Farm Road
   Goshen, NY 10924

2. Orange County
   Office of the Orange County Attorney
   Orange County Government Center
   255 Main Street
   Goshen, NY 10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____
_____
_____
_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

_____
First Name				Last Name			Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City				State				Zip Code

Defendant 2:

_____
First Name				Last Name			Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City				State				Zip Code

Defendant 3:

_____
First Name				Last Name			Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City				State				Zip Code

Defendant 4:

_____
First Name				Last Name			Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City				State				Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____     _____
Dated                                                          Plaintiff's Signature

_____     _____
First Name            Middle Initial            Last Name

_____
Prison Address

_____
County, City                               State                  Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6