UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PEARSON,

*Plaintiff*,

v.

WELLPATH HEALTH SERVICES, *et al*.

*Defendants*.

No. 24-CV-1657 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

Robert Pearson ("Plaintiff"), proceeding pro se, brings this Action, pursuant to 42 U.S.C. § 1983, against Defendants Wellpath Health Services ("Wellpath"), Orange County, Jane Doe Nurse, John Doe E.R.T. Officers 1 and 2, John Doe Sergeant, and John Doe Lieutenant (collectively, "Defendants"), alleging violations of his constitutional rights. (*See* Compl. (Dkt. No. 1).) By Order dated May 29, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). (*See* Order (Dkt. No. 7).) Before the Court is Plaintiff's sixth application for assignment of pro bono counsel. (*See* Application (Dkt. No. 80).) For the foregoing reasons, Plaintiff's request is denied.

Under 28 U.S.C. § 1915(e)(1), courts "may request an attorney to represent any person unable to afford counsel." However, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.*; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020

WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020).  Even if a court believes a litigant should have a

pro bono lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead,

may only "request" an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for

the S. Dist. of Iowa*, 490 U.S. 296, 301–10, (1989); *see also Drayton v. Young*, No. 17-CV-5440,

2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020).  "Moreover, courts do not have funds to pay

counsel in civil matters.  Courts must therefore request the services of pro bono counsel

sparingly, and with reference to public benefit, in order to preserve the 'precious commodity' of

volunteer-lawyer time for those litigants whose causes are truly deserving."  *Rodriguez v.

Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *1 (S.D.N.Y. June 13, 2024) (citing *Cooper v.

A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989)).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding

whether to grant a litigant's request for pro bono counsel.  *See* 802 F.2d at 61–62.  The litigant

must first demonstrate he or she is indigent, for example, by successfully applying for leave to

proceed IFP.  The court must then consider whether the litigant's claim "seems likely to be of

substance"—"a requirement that must be taken seriously."  *Id.* at 60–61.  If the request meets

these threshold requirements, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence
> implicating the need for cross-examination will be the major proof presented to the
> fact finder, the indigent's ability to present the case, the complexity of the legal
> issues[,] and any special reason in that case why appointment of counsel would be
> more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including the

litigant's efforts to obtain counsel).  In considering these factors, district courts should neither

apply bright-line rules nor automatically deny the request for counsel until the action has

survived a dispositive motion.  *Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997).

2

Rather, each application is decided on its own facts.  *See Hodge*, 802 F.2d at 61; *see also Norman v. Doe*, No. 17-CV-9174, 2020 WL 6808854, at \*1 (S.D.N.Y. Nov. 19, 2020).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'"  *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at \*1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Rodriguez*, 2024 WL 3014108, at \*1 (reasoning that minimal efforts to obtain counsel do not amount to being unable to obtain counsel entirely); *Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at \*2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered.").

Plaintiff's explanation for his need for an attorney is unchanged from his previous requests—he reasserts that he is having difficulty understanding Defendant Wellpath's bankruptcy filings and thus is having difficulty responding during his case.  (Application 1.) While Plaintiff's difficulty in understanding the impact of Wellpath's bankruptcy on the course of this case could be a factor that cuts in favor of appointing counsel, *see Karupaiyan v. CVS Health Corp.*, No. 19-CV-8814, 2021 WL 6052823, at \*2 (S.D.N.Y. Nov. 30, 2021) (finding the fact that "[the p]laintiff [] expressed a degree of confusion regarding the status of his surviving claims and unfamiliarity with next steps in the litigation" counseled in favor of appointing counsel), as the Court noted in response to Plaintiff's previous requests for counsel, the bankruptcy court has indefinitely stayed this matter with respect to all Defendants in this Action.

(*See* Order 5 (Dkt. No. 38); Order 1 (Dkt. No. 47)).  Thus, Wellpath's bankruptcy has little if any impact on the proceedings in this Action, so Plaintiff's difficulty in understanding it does not outweigh the remainder of the *Hodge* analysis outlined below.

Plaintiff's core allegation is that he was unlawfully deprived of medical treatment when placed on a 1-on-1 mental health watch and a dry cell order.  (Compl. 4–10.)  "Because the resulting claims largely concern events that happened in Plaintiff's presence, he has 'intimate knowledge of the facts and circumstances' giving rise to his claim, and counsel will likely not assist in further fact-finding and investigation." *Rodriguez,* 2024 WL 3014108, at *2 (quoting *Gill-Drayton v. N.Y. State Educ. Dep't.*, No. 23-CV-10259, 2024 WL 1216728, at *2 (S.D.N.Y. Mar. 21, 2024)); *see also Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that appointment of counsel was unnecessary for a plaintiff who was physically present during the alleged events in the complaint); *Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate additional facts could be gathered only through the aid of counsel).

Plaintiff further argues that he is entitled to pro bono counsel due to "not know[ing] anything about [c]ivil [l]aw." (Application 1.)  The Court has previously found this argument to be unavailing, (*see generally* Order (Dkt. No. 38); Order (Dkt. No. 47)), and Plaintiff has provided no additional information or made a showing that his circumstances have materially changed.  It is well settled that "a general assertion by Plaintiff as to his lack of expertise or legal skills is insufficient to justify a request for counsel." *Gill-Drayton*, 2024 WL 1216728, at *2; *see also Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *2 (S.D.N.Y. Mar. 19,

4

2024) (stating that a lack of legal knowledge is insufficient for the appointment of counsel); *West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (reasoning a general assertion as to a lack of legal knowledge is insufficient to grant a request for counsel). Plaintiff also points to his "limited access to the law library." (Pl's Mem. 2.)  This does not mean that Plaintiff has been denied all access to the law library.  Accordingly, Plaintiff's lack of knowledge of civil law "does not weigh in favor of granting counsel." *Pearson v. Wellpath Health Services*, No. 24-CV-1714, 2025 WL 252926, at *3 (S.D.N.Y. Jan. 21, 2025) (quoting *Bonnie v. Annucci*, No. 20-CV-640, 2020 WL 1643893, at *2 (S.D.N.Y. Apr. 2, 2020)).

Further, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013).  Indeed, Plaintiff's "complaint[s] demonstrate a clear and concise statement of the facts, showing his ability to present his case." *Rodriguez*, 2024 WL 3014108, at *1 (quoting *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006)); *see also Jackson*, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that a request for counsel is not warranted when the aid of counsel would not provide additional facts and would not help substantiate the plaintiff's claims).  Plaintiff has sent numerous letters communicating with the Court, (*see generally* Dkt.), which further supports Plaintiff's ability to proceed pro se, *see Hodge*, 802 F.2d at 60 (listing a factor for consideration being "[the] plaintiff's apparent ability to present the case"); *see also Maxwell v. N.Y. Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010) ("[T]he district court did not abuse its discretion in denying appointed counsel because [the plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action").

Plaintiff also contends that his efforts to obtain counsel have been futile. In this regard, Plaintiff claims he has written to "civil law firms asking for help," (Application 2), but he has not provided additional details such as how many firms he has contacted and when he contacted them. While Plaintiff has shown the requisite "minimal effort" to obtain counsel, it is not exhaustive and does not itself justify the need to request counsel "where other factors weigh against such a request." *Rodriguez*, 2024 WL 3014108, at *3; *see also Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016) (noting that a minimal effort to search for counsel and having legal requests denied by attorneys are insufficient to justify the appointment of counsel under *Hodge*); *Wright v Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 6, 2015) (denying the plaintiff's application for counsel even though he provided information showing he contacted multiple firms and legal agencies); *Mena*, 2013 WL 1165554, at *1 (stating that contacting "a couple law firms" is insufficient for showing effort to obtain counsel).

Finally, Plaintiff has failed to allege new or any special circumstances which require counsel to be appointed. *Contrast Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *3 (S.D.N.Y. Mar. 27, 2024) (rejecting an application for appointment of counsel because "[the p]laintiff has not presented any other, special circumstances that warrant the appointment of counsel"); *Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at *2 (S.D.N.Y. May 11, 2023) (same); *Ross v. Brown*, No. 09-CV-5737, 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010) (same) *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that the plaintiff had demonstrated special circumstances where physical disability, depression, and post-traumatic stress disorder prevented him from adequately litigating the case); *Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270,

at *3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel).

For the reasons set forth above, Plaintiff's Application is denied without prejudice to renewal at later stage should his circumstances materially change. The Clerk of the Court is respectfully directed to terminate the pending motion at Dkt. No. 80 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   June 17, 2026
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

7